IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-44-D
No. 4:13-CV-114-D

| | |
|---|---|
| ALTON RAY NICHOLSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On March 17, 2014, this court dismissed Alton Ray Nicholson's ("Nicholson") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and denied a certificate of appealability. See [D.E. 43]. On April 28, 2014, Nicholson filed a motion to reconsider the court's judgment dismissing Nicholson's 28 U.S.C. § 2255 motion. See [D.E. 49]; Fed. R. Civ. P. 59(e). On April 29, 2014, Nicholson filed a corrected motion to reconsider. [D.E. 50]. In his motion to reconsider, Nicholson argues that he is entitled to relief in light of Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014).

On July 11, 2014, the Fourth Circuit granted rehearing en banc in Whiteside. See United States v. Whiteside, No. 13-7152, 2014 WL 3377981 (4th Cir. July 11, 2014) (per curiam) (unpublished). Accordingly, the panel opinion in Whiteside has been vacated. See 4th Cir. R. 35(c); Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc). Moreover, Nicholson's motion to reconsider ignores this court's conclusion that Nicholson's appellate waiver in his plea agreement is enforceable and defeats Nicholson's reliance on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), to avoid the advisory Guideline range calculated at

sentencing. See [D.E. 43] 3–5. Thus, Nicholson's motion to reconsider fails to meet the standard under Rule 59(e) of the Federal Rules of Civil Procedure. See, e.g., Zinkard v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995); Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In sum, Nicholson's motion to reconsider [D.E. 49] is DENIED. The government's motion to hold the case in abeyance [D.E. 51] is DISMISSED as moot. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001).

SO ORDERED. This 23 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge